UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL ANTHONY ORTIZ,<br>Defendant. | Case No. 22-mj-71575-MAG-1  (VKD)<br><br>**ORDER OF RELEASE ON CONDITIONS** |

Defendant Michael Anthony Ortiz is charged in an indictment that issues from the District of Minnesota with conspiracy and possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846 and 18 U.S.C. § 2. Dkt. No. 1. The United States moved for detention, and Mr. Ortiz requested a detention hearing in this district pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure.

Pretrial Services prepared a report, which was shared with the Court and counsel for the parties. The Court held a hearing on the government's motion on December 14, 2022. Mr. Ortiz was present at the hearing and represented by counsel.

On a motion for pretrial detention, the government bears the burden to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons or the community. 18 U.S.C. § 3142(f)(2). Conversely, the government bears the burden to show by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

Given the charges in the indictment, there is a rebuttable presumption of detention based on danger and risk of flight. 18 U.S.C. § 3142(e)(3)(A). The Court adopts the facts set forth in the Pretrial Services report. In addition, the United States made a proffer that Mr. Ortiz is the principal defendant with respect to the offenses charged in the indictment in view of his role in the alleged conspiracy, and the Court accepts this representation. Finally, the Court questioned four of Mr. Ortiz's relatives under oath concerning their suitability and willingness to serve as custodians and/or as co-signers on a bond to secure Mr. Ortiz's release. Both parties presented arguments and evidence by proffer through counsel at the hearing, which was conducted in public.

Having considered the relevant factors[1] described in 18 U.S.C. § 3142(g), and for the reasons stated on the record during the hearing and as set forth below, the Court concludes that Mr. Ortiz has rebutted the presumption of detention, and that a combination of conditions of release may be set that will reasonably assure the safety of other persons and the community and his appearance for court as required.

While Mr. Ortiz has a lengthy criminal history, his felony convictions are not recent and the most concerning crime of violence occurred twenty-five years ago. As explained during the hearing, the Court's principal concern is whether, given Mr. Ortiz's dishonesty and violations while on parole or supervision for previous state law offenses, and considering the substantial penalties he faces if convicted as charged in the indictment, conditions of release can be imposed to reasonably assure Mr. Ortiz's appearance as required, particularly as he will be expected to travel to the District of Minnesota for court appearances. While this is a close question, the Court concludes, that the following conditions in particular will mitigate the risk of flight: placement of Mr. Ortiz at a half-way house; imposition of a $100,000 unsecured bond co-signed by three family members; the agreement of four family members to serve as custodians; and the utilization of location monitoring whenever Mr. Ortiz is required to travel to the District of Minnesota.

Accordingly, the Court orders Mr. Ortiz released pursuant to the conditions set forth in the

---

[1] The Court was provided no information about the weight of the evidence against Mr. Ortiz. However, the Court notes that the weight of the evidence is the least important consideration. *Motamedi*, 767 F.2d at 1408.

2

1  separate order filed after the detention hearing.  This order of release is hereby **stayed for 48**
2  **hours** or until December 16, 2022 at 2:52 p.m. Pacific time to permit the United States to appeal
3  this order and the separate order setting conditions of release if it chooses to do so.
4  **IT IS SO ORDERED.**
5  Dated: December 14, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge